UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. FALLON,

      Plaintiff,

    v.                            CASE NO. 8:14-cv-315-T-30MAP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He alleges the ALJ erred by 1) failing to consider the treating doctor's opinions; 2) failing to support his disability determination by substantial evidence; 3) failing to properly evaluate the residual functional capacity; and 4) failing to provide a full and fair hearing. The Plaintiff also seeks entry of an order remanding this case under sentence six of 42 U.S.C. §405(g) for consideration of additional evidence. After consideration, I recommend that the Plaintiff's motion for remand be denied, the complaint be dismissed, and the Commissioner's decision be affirmed.

*A. Background*

Plaintiff, who was forty-four years old at his alleged disability onset date of January 1, 2000, earned a GED diploma, attended college classes, and worked as an auto salesperson. He alleges disability due to spinal stenosis, high blood pressure, spine nerve damage, and bowel and

bladder control problems.  Plaintiff's claims were denied initially and upon reconsideration.

Thereafter, Plaintiff requested a hearing before an ALJ, and the ALJ opined he was not disabled

and retained the residual functional capacity to perform light work including his prior work as a

car salesperson.  Plaintiff filed a request for review, but the Appeals Council denied review.

Thereafter, the Plaintiff exhausted his administrative remedies, and filed this action.[1]

    *B.  Standard of Review*

    To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months."  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A

"'physical or mental impairment' is an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

    The Social Security Administration, in order to regularize the adjudicative process,

promulgated detailed regulations that are currently in effect.  These regulations establish a

"sequential evaluation process" to determine whether a claimant is disabled.  *See* 20 C.F.R.

§§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  Under this process,

the Commissioner must determine, in sequence, the following:  (1) whether the claimant is

currently engaged in substantial gainful activity; (2) whether the claimant has a severe

---

  [2]  The district judge referred this matter to me for a report and recommendation.  *See* 28 U.S.C. § 636.

impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert,* 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted).  The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

C.  *Discussion*

1.  *treating doctor's opinions*

Plaintiff contends the ALJ failed to properly consider a November 19, 2007, letter from his treating doctor, Dr. Alexander, who opined that Plaintiff is "unable to be meaningfully employed outside his home" as well as records from Dr. Alexander's office that support his conclusion. *See* Alexander letter (R. 310). The law of this circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 CFR § 404.1527(d)(2). Of course, an ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)). And, the ultimate issue of whether Plaintiff is able to work is one reserved for the Commissioner and one as to which the opinion of a treating physician is not entitled to special significance, 20 C.F.R. § 404.1527(e)(1), (3). The ALJ's decision still must address the treating physician's opinion. *See* SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996) ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored, and…notice of the determination or decision must explain the consideration given to the treating source's opinion(s)).

The ALJ discussed Dr. Alexander's opinions (R. 24), and found them inconsistent with the medical records for the period in question. The ALJ explained that "since October 16, 2009,

4

the claimant was mostly normal on examination and he had mostly intact activities of daily

living."  Hence, the ALJ concluded that "Dr. Alexander's opinions are given weight only to the

extent it is consistent with the above-described residual functional capacity [for light work]."  (R.

24).  The ALJ further discussed the fact that Dr. Alexander's letter stated, "He works in his house

with a computer and telephone .... I expect him to be only employable at home."  The ALJ

reasoned that the earnings records showed that indeed the Plaintiff worked in 2007 and even

worked for a bit in 2010.  The ALJ concluded, "[t]hus, Dr. Alexander conceded the claimant can

work and the undersigned takes administrative notice of the fact that many individuals are

successfully employed in jobs they work from their home." (R. 23)   My review of the medical

evidence reveals that the Plaintiff asked Dr. Alexander to write this letter.  *See* R. 242 ("The

patient also requests a letter be written describing the fact his inability to work and he especially

cannot work outside the house as he is pretty limited in what he can do.  I have agreed to write a

letter to that effect for him.").   Moreover, as the Commissioner notes, Dr. Alexander's notes

from 2007 and 2008 consistently indicated that Plaintiff's physical exams were normal aside

from obesity and high blood pressure.  For example, in December 2008 the doctor indicated back

problems but declined to prescribe pain relievers and instead recommended reducing alcohol

intake and stopping smoking.  In January 2010, the doctor noted high blood pressure and

recommended he needs a lifestyle change. *See* R. 239, 242, 244, 248, 259-61.  In fact, the

doctor's note from January 6, 2010, indicates Plaintiff came in for medication refills, that he is

"really having no other medical problems except [erectile dysfunction]," and that "[h]e is

instructed to watch his salt intake more carefully as his blood pressure was marginally elevated

today and we will see him back in follow-up in six months, earlier if there are any problems."

Dr. Alexander instructed Plaintiff to "obviously to change his lifestyle, stop smoking, and limit his alcohol intake." (R. 239)

Accordingly, after consideration, I find the ALJ adequately considered Dr. Alexander's opinions against the medical evidence, and supported her decision to give limited weight to them with substantial evidence.

### 2. substantial evidence

Second, the Plaintiff vaguely asserts that the ALJ's decision of no disability is not supported by substantial evidence. Mainly, the Plaintiff argues that the ALJ discounted treating doctor opinions and instead relied heavily of consultative reports, picking out favorable parts of reports that support her decision to deny benefits. Specifically, the Plaintiff asserts that the ALJ relied heavily on Dr. Shefsky's November 23, 2010, report even though it contained information that was not credible or substantive and that the ALJ erred by referring to referencing Exhibit 6F as Dr. Shefsky's report when in fact it was Andrea Ave's (a single decisionmaker's) report. In considering these arguments, I find that although the ALJ erred by referring to Exhibit 6F as Dr. Shefsky's report, the error is harmless because it does not impact the ALJ's disability determination. The ALJ cited to and discussed exhibit 7F, Dr. Shefsky's consultative report, and did not rely on the single decisionmaker's report. *See e.g. Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability). Dr. Shefsky examined the Plaintiff on November 23, 2010, and prepared a four-page written report summarizing his findings (R. 279-282).

The Plaintiff objects to the weight assigned to Dr. Brigety, the consultative doctor's opinions. However, SSR 96-6p and 20 C.F.R. § 416.927(e)(2)(i) provide that an ALJ must

consider the opinions of state agency medical consultants and may assign great weight to them if substantial evidence supports them.  Here, the ALJ found that substantial evidence supported Dr. Brigety's opinion that Plaintiff could perform light work.  The ALJ explained that he assigned significant weight to Dr. Brigety's opinions because "they are consistent with the medical evidence, particularly Dr. Minore's and Shefsky's records ... and with the claimant's actual documented functioning."  (R. 24)  I find the ALJ complied with the applicable regulations, and that her opinions are supported by substantial evidence.

### 3.  RFC

The Plaintiff contends the ALJ erred by finding him capable of performing light work despite his testimony and evidence of pain.  In evaluating subjective complaints, the Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.  *See* 20 C.F.R. §§ 404.1529 and 416.929.  "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings.  20 C.F.R. §§ 404.1529.  "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received.  *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6).  The Eleventh Circuit pain standard incorporates this scheme by requiring: evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  Indeed, in certain

instances, pain alone can be disabling even if unsupported by objective evidence. *Foote* at 1561.

Here, the ALJ discussed the Plaintiff's claims that he has difficulty walking, suffers from pain, headaches, bladder and bowel control problems, and concentration and focus problems due to pain, and difficulty sitting in an automobile.   The ALJ noted that Plaintiff feels that he symptoms are getting worse, that he has good and bad days, and that his pain limits his ability to perform activities of daily living and exertional and postural activities.  And, the ALJ further noted that Plaintiff says his wife helps him with his activities of daily living (R. 20).  The ALJ summarized the Plaintiff's testimony from the July 16, 2012, administrative hearing that he cannot do his previous work, that his medications help relieve his pain, and that he takes Cymbalta and Aleve daily and other medications as needed, including Hydrocodone and Tramadol.  The ALJ also considered Plaintiff's testimony that he drives, reads, and uses the computer, he stands for less than one hour without sitting, can walk for twenty feet without stopping, can lift half a gallon of milk comfortably, can sit for 15-20 minutes before needing to stand and move around, suffers from headaches, numbness and tingling in his left arm and leg, and has elbow problems that prevent him from writing, he falls due to dizziness and numbness and tingling in his left leg, has memory and concentration problems, is easily distracted and gets disoriented and dizzy, has constant sciatic nerve pain down both legs, and has sleep problems (R. 21).  The ALJ considered the Plaintiff's wife's testimony, as well as the medical evidence too. She opined that the Plaintiff's underlying medically determinable impairments could reasonably be expected to cause some of his alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible.  Upon consideration, I find the ALJ properly evaluated the Plaintiff's credibility under the applicable

Eleventh Circuit standard, and substantial evidence supports her decision.

### 4. full and fair hearing

The Plaintiff argues that the ALJ failed to provide him with a full and fair hearing because the ALJ did not allow his attorney to fully question Plaintiff or his wife during the hearing. The Plaintiff raises this argument in his motion for remand too. *See* doc. 20. He suggests that the ALJ imposed a time limitation upon them, and that the ALJ limited the introduction of evidence. While it is true that the ALJ cautioned Plaintiff's counsel not to ask Plaintiff or Plaintiff's wife questions that she already had asked or that were already covered (R. 50, 52) and directed Plaintiff's counsel to "finish up here in a couple minutes" (R. 50), the hearing transcript shows that the ALJ conducted a full and fair hearing. When the Plaintiff's wife testified, the ALJ asked her whether there was anything else she would like to add regarding her husband's medical condition and the wife replied "No, I believe it was all covered unless you had any other clarifications" (R. 53). And, the ALJ allowed the Plaintiff's counsel to question Plaintiff's wife too, and she again testified that she agreed with all of her husband's responses and added that she believes her husband falls more often than he had stated (R. 54). She also provided detailed testimony about the lifestyle changes her husband has made due to his injuries (R. 54-56). As the hearing closed, the ALJ asked the Plaintiff whether there was anything else he would like to tell her, and the Plaintiff responded, "No, ma'am" (R. 60). The Plaintiff's counsel gave a closing statement, the ALJ advised Plaintiff's counsel that "[i]f there is nothing further, then the hearing is closed," and Plaintiff's counsel thanked the ALJ (R. 60-61). Upon consideration, I do not find that the ALJ unfairly limited the hearing time or questioning. In short, the Plaintiff was provided a full and fair hearing.

*5.  remand under sentence six*

At the outset of this case, the Plaintiff filed a motion seeking entry of an order remanding the case under sentence six of 42 U.S.C. §405(g) for consideration of additional evidence.  In part, he argued remand was needed because he did not receive a full and fair hearing.  I have already addressed this issue above.  To justify remand under sentence six, the Plaintiff must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is 'material' in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F. 2d 872, 877 (11th Cir. 1986).  Plaintiff has not met any of these conditions.  Only one of the documents Plaintiff submits for consideration pre-dates the ALJ's decision.  *See* 20 C.F.R. §416.1470(b) (Appeals Council shall evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision).  However, this report is not material as it was cumulative and does not provide information that would have changed the ALJ's decision.  And, as set forth by the Commissioner (doc. 23), the Plaintiff did not show good cause for his failure to submit this evidence earlier.  As such, remand is inappropriate.

For the foregoing reasons, it is hereby

RECOMMENDED:

1.      The Plaintiff's complaint be dismissed, and the Commissioner's decision be affirmed.

10

2.      The Plaintiff's motion for remand (doc. 20) be DENIED.

IT IS SO REPORTED at Tampa, Florida on August 7, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc: Honorable James S. Moody